IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

In re: Margie Ellen Watkins, )
) Case No. 20-20719-drd-13
Debtor )
_____

MEMORANDUM OPINION

Before this Court is the Trustee's Objection to Exemptions claimed by Margie Ellen Watkins (the "Debtor"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334(b) and 157(a) and (b). This is a core proceeding which this Court may hear and determine pursuant to 28 U.S.C. §§157(b)(2)(A) and (B). For the reasons set forth below, the Trustee's objection is sustained in part and overruled in part.

I. BACKGROUND

The Debtor filed her Chapter 13 petition on October 22, 2020. On her Schedule J, she lists four great-grandchildren, ages 4, 7, 10 and 11, as dependents. She lists exemptions totaling $10,440.28 on Schedule C under R.S.Mo. §513.440.[1] The Trustee takes the position that the Debtor is not entitled to the per-child exemption under that section because the dependents are not the Debtor's children. As a result, the Trustee requests that the Court allow the exemption under §513.440

---

[1] The $10,440.28 amount consists of $1,250 for the head of family, plus $350 for each of the Debtor's four great-grandchildren, plus other property pertaining to the Debtor's roof damage.

1

for the Debtor in the amount of $1,250 as head of the family, and disallow the remainder.

The Debtor asserts that she is entitled to the per-child exemption because she is the legal guardian of two of the minors, but feeds, houses, and cares for all four of them.

## II. DISCUSSION

Missouri's exemption statute permits each head of family to exempt from execution up to $1,250 of property, plus $350 for each of that person's unmarried dependent children under the age of 21. R.S.Mo. §513.440. Like all exemption laws in Missouri, courts construe the head of household exemption liberally in favor of the debtor. *In re Swigart*, 339 B.R. 724, 727 (Bankr. W.D. Mo. 2006).

Here, the basis of the Trustee's objection is that the dependents for which the Debtor's exemption is claimed are not the Debtor's children, and therefore, the head of household exemption is not available to the Debtor. The only authority cited by the Trustee in support of his position is *In re Bean*, 2019 WL 2713117 (Bankr. W.D. Mo. June 20, 2019). The debtor in *Bean* claimed a $2,650 head of family exemption in her tax refunds under §513.440: the $1,250 base exemption plus the $350 per-child exemption for each of her four minor grandchildren. The grandchildren lived with the debtor full-time and depended on her for support, but she had not legally adopted them. The trustee objected to the exemption, arguing that it could not be

claimed by a non-parent. The court declined to extend the statute beyond its plain meaning: "Absent biological parenthood or its legal equivalent, neither the plain language of §513.440 nor governing precedent permit a head of family to claim the per-child exemption for his or her grandchildren." *Id*. at *3.

In support of its plain language approach, the *Bean* court cited *In re Turpen*, 482 B.R. 273 (8th Cir. BAP 2012). In that case, the debtor was single, and lived with his two minor children, an unrelated woman, and the woman's three minor children. He claimed the head of family exemption of $1,250, plus $350 each for his own two children and the woman's three children. The trustee objected to the latter on the basis that they were not related to the debtor. The bankruptcy court agreed. On appeal, the debtor countered that §513.440 was ambiguous -- the statute included *all* children of the family, he argued, not only the children of the head of the family. The BAP found the debtor's argument creative, but unfounded. It affirmed the bankruptcy court, concluding that "[t]he language of §513.440 plainly states that only a child belonging to the head of the family — by either blood or adoption — qualifies for the unmarried dependent child exemption." *Id*. at 275.

In contrast to the debtor in the *Bean* case, this Debtor is the legal guardian of two of her great-grandchildren she claims as dependents. The *Turpen* case is also distinguishable in that the debtor's dependents there were not related to the debtor by either blood or adoption. While these are significant distinctions, they do raise

the question whether legal guardianship is the legal equivalent of biological parenthood or adoption under Missouri law.

In Missouri, letters of guardianship are issued when parents are unwilling, unable or adjudged unfit to parent. R.S.Mo. §475.030. *See also Flathers v. Flathers*, 948 S.W. 2d 463, 468 (Mo. App. W.D. 1997)(granting of letters of guardianship is done "as a stop-gap measure to provide for the care and custody of a minor for the period of time when the natural guardian-parent is unable, unwilling or unfit to perform this parental function"). A guardian's duties are to provide for the ward's education, support and maintenance; the guardian is entitled to custody and control and any other powers enumerated by the court issuing the order granting guardianship. R.S.Mo. §475.120. Simply put, the legal guardian substitutes for the parent.

At the hearing on the Trustee's objection, the Debtor asserted that she is the legal guardian of two of her great-grandchildren, and is responsible for their support. The Debtor's legal guardianship can be treated for purposes of §513.440 as the legal equivalent of biological parenthood, and as a result, the Debtor is permitted to claim the exemption for those great-grandchildren.

Another line of cases supports the conclusion, albeit indirectly, that the Debtor is entitled to claim the per-child exemption for the dependents under her legal custody and control. Decisions focusing on the "head of family" requirement reflect

4

the liberal construction of the term by Missouri courts. For example, exemptions have been allowed in situations in which relatives, other than parents, have assumed the moral obligation to support certain children. *See, e.g., In re Arnold*, 193 B.R. 897 (Bankr. W.D. Mo. 1996)(holding that a debtor supporting his wife's children from previous marriages was entitled to a per-child exemption); *In re Townsend*, 344 B.R. 915 (Bankr. W.D. Mo. 2006)(debtor qualified for dependent exemption as the head of a family consisting of herself, her same-sex partner, and the partner's two children). Courts have considered several factors when determining whether a debtor qualified as a head of the family entitled to the exemption, including whether the debtor 1) provides substantial economic support, 2) files as head of household on her tax return, 3) lists sufficient expenses on her schedules, and 4) claims the family members as dependents on Schedule J. *See In re Diedrich*, 2017 WL 6568051, *2 (Bankr. W.D. Mo. Dec. 22, 2017); *In re Swigart*, 339 B.R. at 728-29.

Applying these factors to the case at hand, the evidence weighs in favor of allowing the exemption for the Debtor's great-grandchildren. The Debtor asserted that she was the main financial provider for their care. Her Schedules indicate a monthly expense of $650 for food and housekeeping supplies, an amount that seems appropriate to cover their needs as well as her own. She claimed them as dependents on her Schedule J. Although this case does not turn on whether the Debtor is the

"head of family," these facts are similar to other circumstances under which a non-parent has been allowed to claim the head of family exemption, as noted previously.

### III. CONCLUSION

Based on the foregoing, the Court concludes that the Debtor is entitled to the per-child exemption set forth in §513.440 for the two dependents for whom she is legal guardian, but is not entitled to that exemption for the two dependents for whom she is not. The Trustee's objection is hereby sustained in part, and overruled in part. Accordingly, the Debtor will be permitted to claim an exemption under §513.440 in the amount of $1,950: $1,250 as head of the family, plus $350 each for two of her great-grandchildren.

Dated: March 2, 2021         **/s/ Dennis R. Dow**
                             DENNIS R. DOW
                             UNITED STATES BANKRUPTCY JUDGE